Co-Defendant Rene Sanchez was released from federal prison after the government stipulated that a professional addict informer's testimony was perjurious at Sanchez's joint trial with Isaac Calderon. For almost the same amount of time, Isaac Calderon, a barely literate, possibly illiterate immigrant who worked as a truck driver, has been trying to navigate his way through the courts, mostly without the benefit of an attorney until the appellate stage, incarcerated, just trying to get a court to hear his claim that Fierro's perjured testimony tainted his conviction too. Calderon reasonably started by invoking the exact same procedural vehicle that Sanchez had used to get relief for himself. Although he may have invoked a procedural vehicle that was unavailable at the time that he invoked it, rather than consider Calderon's ultimate goal, the district court failed to consider the pro se inmate petition just because he cited the wrong procedural rule. I'm going to make explicit what is often implicit in oral argument. I have a very brief presentation. And mostly, I'm here to answer questions as to why we don't win outright. I'll say the Eatinger case. So maybe I could just ask you, you have before us a motion for limited remand. And let's say that we were to deny that motion. What is exact? What's the decision that's properly before us then that we could look at? Because it's not the failure to treat the Rule 33 motion as a 2255, because the time to appeal the denial of that is long since past, right? So that's out. So what is the decision that's properly before us if we deny your motion for limited remand? So I don't even think the court needs to address the motion for limited remand. The motion for limited remand is only in case the court feels that it cannot give Isaac Calderon the full relief that he's requesting. Which is what? So give me the first out of the box. What is it that you want us to look at? And what is it that you want us to do? Sure. The first thing I would say is I think the court can actually reverse the judgment outright. Just as Judge Stotler failed to treat the Rule 33 and translate that as a 2255, she had the same obligation with the Rule 60 motion. Which, of course, he didn't even, while you call it a Rule 60, the motion to amend to treat it as a Rule 60 motion. He didn't even realize the court had issued an order. And that's what brings us to the limited remand motion. Simply to make sure that the avenue for appeal is protected. So I think this court can reverse outright, saying the trial judge, just as under the Eatinger case, failed to construe the motion. Yeah, but what? OK, that's what I'm saying. So which decision of the district court is before us? You say the district court failed to treat that as something else. I think both orders are before the court. Both the original September 2012 order and the final order denying the motion for reconsideration, both of those are before the court. I remember three motions. A Rule 33 motion, time to appeal that, passed. Can't review that directly. A Rule 60D motion, I'm not sure if that's properly before us. And then a Rule 60B motion. And if I remember, the notice of appeal was timely only as to the denial of the Rule 60B motion? Or that's what I'm trying to figure out. Well, Your Honor, I think it's quite important to note that Isaac Calderon never learned about the denial of the Rule 33 motion. I think the record is really quite clear about that. And so the only question is, what should he have done? He notified the district court well within 60 days, within 60 days of the time period to file the notice after the time. He didn't know that a motion had been ruled upon. He was like, well, as long as you're considering this and you haven't changed anything, let me treat it as this procedural rule. He's an incarcerated immigrant. He doesn't know what procedural rule to cite. He was just like, treat it as something. So I think the court can look at the judge's final order and say, why didn't you treat this as a 2255? And that order is certainly before us, before the court. There's no reason, that's a de novo question, just like all of the other orders would be. I do believe that the Rule 33 is before the court because he should have treated it as a de facto notice of appeal or inquired as to whether he wanted to extend. The first specific reference in the record to treating his petitions as a 2255 was the one that was received by the district court in June, according to the court records. For me, looking at the record, that petition in the reply brief was never ruled on. In other words, it wasn't converted to a 2255. Are you saying that the failure to have considered that reply as a 2255 was error? If the court wanted to go that way, I think it could. I'm not asking you where I can go. My question is, is that error, to not have, at that point in June, have considered the reply brief a request to consider his petition as a 2255? Your Honor, I think at that point, Judge Stotler should have asked, OK, you've tried three different procedural rules. You obviously don't know what's going on. Let me suggest to you that a 2255 might be appropriate. Here's the consequences of doing that. Now, is it time to have objected to that? Whatever you say she should have done in June expired? I don't. Is it the time to object? I don't believe so. He filed a notice of appeal. So that would have expired. A timely notice of appeal as to that order. So that would have expired. So it seems like what you're saying in answer to my colleague's question is that what's before us is the order that was appealed in September. Correct. And I think all the other orders are plausible as well. But I mean, the Eatinger case, which was cited in my opening and reply briefs, directly confronted an indistinguishable situation. Filed a rule 33 motion. Rule 33 really wasn't available. Court held, although that rule didn't provide a route for relief, the district court erred as a matter of law. Do you want to save a little over two minutes for the bottle? I will. OK, thank you. Thank you, Your Honor. We'll hear from the government. May it please the Court, Nancy Spiegel for Plaintiff Appellee, United States of America. Your Honors, the issue before the court this morning is whether the district court abused its discretion in denying the Rule 60B motion in its order of September 4, 2013. And in that, it's a little bit confusing because the 60D motion that proceeded it, the district court denied that twice. First, before it received the late filed reply. And then after it received the reply and the 60B motion, it issued one order addressing all of those concerns. And so it did, again, deny the Rule 60D motion. And as to the 60B relief, which a petitioner requested that the court consider the arguments in the reply, which the court did. And that's where the 2255 recharacterization request was raised. Didn't the district court have an independent duty to recharacterize under our case law? The district court has the discretion to recharacterize, Your Honor. I don't think it has a duty every time a petitioner brings a motion that is incorrectly captioned. And here, if you look at the totality of what the district court stated when it denied the Rule 60B, it basically told the petitioner that it was concerned about certain issues that might arise if it recharacterized as 2255, namely timeliness and the fact that a petitioner would be barred from raising other issues later. Would barred? Excuse me, I got a fetish. I'm sorry. And so in my view, the court was sort of giving a reverse caster warning to the petitioner and saying, before I recharacterize this, you need to look at the issues that need to be raised in your one and only shot at a 2255, including these timeliness issues. Would part of the calculus that a district judge would need to consider from the appellate court's perspective the history of the case in which another defendant had raised the same issues and had been reversed twice in the same case, the co-defendant, wouldn't that inform a district judge as to whether maybe I ought to consider this on the merits under 2255, or is that irrelevant? I don't think it's irrelevant, but again, on these particular facts, it might be relevant in another case. On these particular facts, the defendant, Sanchez, was situated entirely differently in terms of his defense and the confidential informant's testimony. Wouldn't you not know that until you had a hearing? That seems like it's an argument you might make, but that's what 2255s are for, is for someone to take the opposite position and say, I was deeply prejudiced by this. Without a hearing, no one even knows that. I'm not sure I could conclude that without having a record in front of me and a bunch of witnesses if there was a conflict in the testimony. It would seem like if you were looking at a record and you realize you've been reversed twice by the circuit for not having done something that ultimately resulted in the person, a new trial, and then resolution, that when the same issue is raised in front of you by a co-defendant on the same testimony, that it would inform your discretion as to whether you had something to do besides deny it because it's in the wrong form. That's true. And I think we can presume that the court did take that into consideration in exercising its discretion. Where do we see that? I think we just, it's not in the record. The record is very brief as to that. But I think one thing that gets lost here is that procedure does matter in these cases. And here, procedure was not properly followed. And I think the court, it's a matter of discretion. Yes, it could have recharacterized the 60-D as a 2255. But it also had the discretion not to do so. Can I ask you about that? You said a couple of times that the court had discretion on that point as far as recharacterizing. But doesn't the Edinger case that your opponent mentioned say just the opposite? I read our decision there as saying, not that the court in any way abused its discretion, but that it erred as a matter of law, just as your opponent put it. So how am I misreading that case? I don't read Edinger that broadly. I think in that particular case, it was a matter of law. But I don't think Edinger stands for the proposition that the court always has a duty to recharacterize every pro se motion as a 2255. Well, it says, I'm just looking at it. It says, it points out the procedural history that the person filed under the wrong rule. There, it was a 35-D motion. No relief was available. And the court says, in short, Edinger cited the wrong authority for his request. The district court erred in failing to interpret this pro se petitioner's motion as a valid 2255 petition. Seems to me it's about as cut and dried as that. And there was no talk about discretion in a weighing of this or that. It just said, the court was presented with someone who didn't know what they were doing. They cited the wrong rule. The court erred by not treating it as something else where he could get relief. Why isn't that the beginning and the end of this case? In a Rule 35 context, yes, I think. What difference does it make what rule it was? I think it does make a difference what rule it is. The relevant point here was that Edinger requested relief, which was not available to him under Rule 35. That's why the court said the court had a duty, an obligation, to construe it as a 2255, because that's the only way he might be able to get relief. So why isn't the exact same situation pertain here? Because it's not so clear cut in this case that he could obtain relief under 2255. Hold on, so you concede that he could not get relief under the rule that he did cite, right? Right. Okay, so that's just, there's no ifs, ands, or buts about that, he's out. Correct. There is a possibility that he could get relief under 2255 if his petition were timely. And we don't, I mean, you argue that it's untimely. I don't think we're in a position to make a judgment about that. But there's at least a potential avenue available to him under 2255. There's just a brick wall available to him under Rule 33. So I don't understand, what discretion did the court have to say, no, I'm not gonna recharacterize it? Because, again, I think the court was sort of trying to give its Castro sort of warning and say, you can still file a 2255, but I'm not going to recharacterize it now because I'm not so sure you've taken into account the possible, I mean, the court mentioned the possible pressure. He asked the court in the reply brief that the court eventually considered, please, if this is the way I can get relief, please recharacterize my filings as a 2255. So he asked the court to do that. It wasn't something that the court was gonna impose upon him involuntarily. That's the situation where Castro kicks into play. Of course, of course, but. Again, I guess I'm just at a loss to understand how you're gonna argue that the court had some discretion to tell him, no, the only available route for you to get relief here, I'm not going to grant your request for me to consider it under that rule. Well, I think, again, if you look at the history of this particular defendant and he filed a Rule 33, he filed a Rule 60D, mentioning other rules, filed a Rule 60B, I think it wasn't clear that he knew what avenue was proper for relief. And I think it was just an abundance of caution that the district court warned him that, you know. The district court did him a favor by just denying relief rather than giving him a chance to take this other avenue, which might give him relief. So here, the district court was sort of doing him a favor, is that what you're saying? I wouldn't. Is that really what you're arguing? I'm not arguing that the court did him a favor, I'm arguing. It sounded a lot to me like you're saying, you know. District court was looking out for his best interest by not giving him this avenue for relief. I think the court- Isn't the United States concerned about having somebody in prison after you've got perjured testimony? You've admitted there was perjured testimony. I'm just a little worried. Why isn't this the kind of thing the United States should be eager to have considered on the merits? I mean, if it's harmless or it didn't affect him and all that, that's fine. But why would a just government want to keep somebody in prison when it has admitted that the time when she was convicted, a key government witness committed perjury? I'm just surprised. Is this something that the Attorney General has approved? It's astonishing to me. It's astonishing to me that the United States would take this position. Well, in answer to your question, Your Honor, no. The government does not want to maintain a conviction that's obtained by perjury. But here- You could confess error, you know? This is, you could confess error and that would solve the problem. That would take away your worry about keeping somebody in prison who has been imprisoned on account of perjury. You could just confess error on behalf of the United States and then we'd send the case back and then we'd have a determination on the merits as to whether or not this perjury testimony in fact affected prejudice of the defendant. Which is, I think, as Justice Jackson said, you know, the government wins when justice is done, right? Isn't that your job as Assistant U.S. Attorney? Absolutely. So why are you not confessing error in this case? I'm just curious about it. Have you considered that? Have you discussed that? Your main justice or your- I'm with the U.S. Attorney's Office in Los Angeles. Have you discussed this with the U.S. Attorney? The possibility of confessing error in this case? We have not discussed it with the U.S. Attorney herself, no. Well, I suggest you go back and find the U.S. Attorney and consider the possibility of confessing error. Okay? I will do that. And I would like you to do that. I will do that, Your Honor. Okay? And make sure the U.S. Attorney, who is the U.S. Attorney these days? Eileen Decker is the current U.S. Attorney. Well, tell Ms. Decker that Judge Kuczynski thinks she should seriously consider, and I speak only for myself, I'm not supposed to speak for the rest of the panel, but at least I would think that the U.S. Attorney would not want to have something like this fly under the radar and bypass the opportunity to confess error and have justice done on the merits rather than try to win on a technicality, which doesn't seem to exist anyway, but there it is. I understand, Your Honor. I will do that. Okay, you will go back and talk to the U.S. Attorney. I absolutely will. Thank you, Your Honor. Thank you. I believe you have a couple of minutes left for rebuttal. An old judge that I used to try cases in front of, I got up when my opportunity came up, he said, are you sure you want to say anything now? I want to talk somebody out of something. I was thinking the same thing myself, but I did have a couple of questions or a couple of comments that if the government does not confess error and this court does have to issue a decision of some sort, Judge Whaley, you had mentioned that that's. You think that's news to us? I think all three of us have gone through first year of law school at one point. I think the government's going to take the court's suggestion seriously, so I think there's a chance that it won't happen. But Judge Whaley did point out that there had been two reversals on Sanchez's case for a hearing. And I would just point out that this court in Calderon's original appeal said that Fierro directly implicated Calderon as part of the prosecution's case of guilt. And the government's arguments against materiality are the same that they argued in opposition to Sanchez's motion, which this court also said, no, this impeachment evidence is of a totally different nature. This is not minor information. It's not cumulative. We had a drug deal, an individual. I don't think there's any chance we're going to reach the merits, so I don't even know why you're bringing the merits up. Okay. I mean, yeah, we know the arguments, the competing arguments on both sides. The government wanted us to just deny the petition on the merits. We're not going to do that. District Court would have to have a hearing before anyone could issue a ruling on the merits. So I don't think you're going to gain any traction by arguing the merits to us right now. Thank you, Your Honor. Okay, we will defer submission for two days to give the United States a chance to consider the possibility of confession error. If we don't hear from the government then, we'll decide the case and perhaps publish an opinion. Who knows? Anything could happen. Okay. Submission is deferred.
judges: Kozinski, Watford, Whaley